## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVELIN GLOBAL COMMODITIES (UK) LTD, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL A. BLUBAUGH; <br> KINGDOM COAL LLC; <br> KC II HOLDINGS LLC; and <br> DOUBLE MOUNTAIN MINING, LLC, <br><br> Defendants. | Case No. 24-cv-8385 |

### VERIFIED COMPLAINT TO ENFORCE
### SETTLEMENT AGREEMENT AND CONFESSION OF JUDGMENT

Plaintiff Javelin Global Commodities (UK) Ltd. ("Javelin"), by and through its counsel, states in its Complaint to Enforce Confession of Judgment against Defendants Michael A. Blubaugh ("Blubaugh"); Kingdom Coal LLC ("Kingdom Coal"); KC II Holdings LLC ("KC II"); and Double Mountain Mining, LLC ("Double Mountain") (corporate Defendants collectively referred to as "Kingdom Entities") (all Defendants collectively referred to as "Defendants"), as follows:

### Introduction

1.      This matter arises out of Defendants' breach of a Settlement Agreement, executed as of August 8, 2024, by (a) failing to make a required payment under the terms of the Settlement Agreement; and (b) choosing not to cure their breach despite being served with a Notice of Default & Notice to Cure Default on October 1, 2024.

2.      On August 12, 2024, in conjunction *Javelin Global Commodities (UK) Ltd. v. Michael A. Blubaugh*, No. 1:23-cv-9994-MKV (S.D.N.Y) ("*Blubaugh II*"), the parties informed

1

the court that they had entered into a Settlement Agreement with an accompanying Confession of Judgment. *Blubaugh II*, ECF No. 38 (Aug. 12, 2024). *Blubaugh II* arose out of Defendants' breach of a Forbearance Agreement, entered into March 29, 2022, as a condition of jointly stipulating to the dismissal of the matter of *Javelin Global Commodities (UK) Ltd. v. Michael A. Blubaugh*, No. 21-cv-8141 (S.D.N.Y) ("*Blubaugh I*").

3.       On August 13, 2024, in *Blubaugh II*, the Court entered the parties' Stipulation & Order of Dismissal dismissing Javelin's claims with prejudice but elided the parties' request that the court retain "jurisdiction over any claims that might arise in connection with the parties' Settlement Agreement[.]" *Blubaugh II*, ECF No. 40 (Aug. 13, 2024).

4.       As part of the Settlement Agreement, Defendants agreed to pay Javelin a discounted settlement amount of $1.5 million on or before September 30, 2024.  Defendants also made a Confession of Judgment agreeing not to raise any defenses or objections to the entry of a judgment in Javelin's favor and against Defendants jointly and severally in the amount of $2.5 million plus interest and taxable costs, that was to take effect in the event Defendants did not pay the discounted settlement amount in accordance with the terms of the Settlement Agreement. A true and correct copy of the Confession of Judgment is attached hereto as Ex. A.

5.       Defendants failed to meet the payment obligation under the terms of the Settlement Agreement and, upon receiving a Notice of Default & Notice to Cure Default, failed to cure their breach.

6.       As detailed below, Javelin seeks entry of the Confession of Judgment in the amount of $2.5 million plus interest, fees, and costs.

**Parties**

7.      Plaintiff Javelin Global Commodities (UK) Ltd. is a private limited company established under the laws of England and Wales, with its principal place of business at 27 Eccleston Pl, London SW1W 9NF, United Kingdom.

8.      Javelin's Directors are Peter Michael James Bradley and Spencer Bradley Sloan.

9.      Defendant Michael A. Blubaugh is an individual who is a citizen of Texas residing at 1714 Marantha Way, Southlake, Texas 76092.

10.      Defendant Kingdom Coal LLC is a Wyoming limited liability company with its principal place of business at 8500 Freeport Parkway, Suite 100, Irving, Texas 75063. According to the Wyoming Secretary of State's records, Kingdom Coal LLC's Registered Agent is Legalinc Corporate Services, Inc., 5830 E 2nd Street, Suite 8, Casper, Wyoming 82609. Upon information and belief, based upon a good faith investigation, Defendant Kingdom Coal's members are citizens of Kentucky and Texas.

11.       Defendant KC II Holdings LLC is a Wyoming limited liability company with its principal place of business at 8500 Freeport Parkway, Suite 100, Irving, Texas 75063. According to the Wyoming Secretary of State's records, KC II Holdings LLC's Registered Agent is Legalinc Corporate Services, Inc., 5830 E 2nd Street, Suite 8, Casper, Wyoming 82609. Upon information and belief, based upon a good faith investigation, Defendant KC II's members are citizens of Texas.

12.      Defendant Double Mountain Mining, LLC is a Wyoming limited liability company with its principal place of business at 8500 Freeport Parkway, Suite 100, Irving, Texas 75063. According to the Wyoming Secretary of State's records, Double Mountain Mining, LLC's Registered Agent is Legalinc Corporate Services, Inc., 5830 E 2nd Street, Suite 8, Casper,

Wyoming 82609. Upon information and belief, based upon a good faith investigation, Defendant

Double Mountain's members are citizens of Florida and Texas.

**Jurisdiction, Venue & Applicable Law**

13.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332

because (a) complete diversity of citizenship exists between Javelin UK and Defendants

Kingdom Coal, KC II, and Double Mountain; and (b) the amount in controversy exceeds

$75,000, exclusive of costs, interest, and attorneys' fees.

14.    A "UK private limited company is treated as a corporation for the purposes of

diversity subject matter jurisdiction." *EMR (USA Holdings), Inc. v. Goldberg*, No. 18 Civ.

07849, 2019 WL 5537878, at *14 (Oct. 25, 2019); *SHLD, LLC v. Hall*, No. 15 Civ. 6225(LLS),

2015 WL 5772261, *2 (S.D.N.Y. Sept. 29, 2015) (unreported) (same) (citing *Century Metal

Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, 2013 WL 5929816, at *3 (D. Conn. Nov. 4, 2013).

15.    Thus, Javelin is a citizen of the United Kingdom for purposes of 28 U.S.C.

§ 1332. *See EMR (USA Holdings), Inc.*, 2019 WL 5537878, at *14. *See also SHLD, LLC*, 2015

WL 5772261, at *2 (unreported) ("An entity, although incorporated in a foreign country, with its

principal place of business in the U.S. is deemed to be a citizen of both the foreign country and

the U.S. state of its principal place of business.") (citations omitted).

16.    Defendants Kingdom Coal, KC II, and Double Mountain are each Wyoming

corporations with their principal places of business in Texas. And their members collectively are

citizens of Florida, Kentucky, and/or Texas. No Defendant or member of a Defendant is a citizen

of the United Kingdom.

17.    This Court has personal jurisdiction over Defendants because under the

Settlement Agreement the parties agreed that any action relating to the Settlement must be

brought in this court. *See* Settlement Agreement, Ex. B, ¶ 13. Moreover, as part of their Settlement Agreement, the parties asked that this Court retain jurisdiction over any claims arising out of the Settlement Agreement. ECF No. 40. *See also* Confession of Judgment, ¶¶ 6-8, Ex. A.

18.    Venue is proper in this Court because under the Settlement Agreement the parties agreed that any action relating to the Settlement must be brought in this court. Ex. B, ¶ 13.

19.    The laws of the State of New York apply to this matter. Ex. B, ¶ 13.

**Factual Background**

*Settlement Agreement*

20.    On November 10, 2023, Javelin commenced an action against Defendants for breach of a Forbearance Agreement that was entered into as a condition of dismissing existing litigation. *See Javelin Global Commodities (UK) Ltd. v. Michael A. Blubaugh*, No. 23-cv-9994-MKV (S.D.N.Y) ("*Blubaugh II*"), Compl., ECF No. 1 (Nov. 10, 2023); First Am. Compl., ECF No. 1 (Nov. 15, 2023).

21.    On August 12, 2024, after largely completing discovery, the parties informed the court via a joint letter that they had entered into a Settlement Agreement with an accompanying Confession of Judgment. *Blubaugh II*, ECF No. 38 (Aug. 12, 2024).

22.    In addition to the joint letter, the parties also filed their Settlement Agreement. *Blubaugh II*, ECF No. 39, a true and correct copy is attached hereto as Ex. B. The Settlement Agreement was signed and notarized by the parties. Ex. B, at 8-9.

23.    The parties attached the Forbearance Agreement, a notarized Confession of Judgment, and a proposed Stipulation & Dismissal Order to the Settlement Agreement. ECF Nos. 39-1 to 39-3. Ex. A.

24.    On August 13, 2024, in *Blubaugh II*, the Court entered the parties' Stipulation & Order of Dismissal dismissing Javelin's claims with prejudice but elided the parties' request that the court retain "jurisdiction over any claims that might arise in connection with the parties' Settlement Agreement" despite the parties' express desire to maintain jurisdiction during the pendency of the action.

### Confession of Judgment

25.    The parties included the following disclaimer on the cover page of the Settlement Agreement:

**IMPORTANT NOTICE**

**THIS AGREEMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOU ANY FURTHER NOTICE.**

Ex. B, at 1.

26.    The Confession of Judgment was signed by notarized by Defendants' duly authorized representatives. Ex. A, at 7.

27.    The Confession of Judgment concisely states the facts of the underlying dispute in *Blubaugh II* and the nature of the breach that caused it to be pursued by Javelin. The Confession of Judgment states as follows:

     a.    On March 29, 2022, the Parties voluntarily entered into a Forbearance Agreement (a copy of which is attached hereto as Exhibit A) as a condition of jointly stipulating to the dismissal of the matter of Javelin Global Commodities (UK) Ltd. v. Michael A. Blubaugh, No. 21-cv-8141 (S.D.N.Y) ("Blubaugh I").

     b.    Under the agreements the Parties had entered into and that were at issue in Blubaugh I, the Kingdom Entities agreed to deliver and Javelin agreed to take certain quantities of coal, for which Javelin

6

made certain pre-payments to the Kingdom Entities (the "Original Agreements").

c.   Blubaugh had guaranteed the (i) full and prompt payment of pre-payments and (ii) other obligations or liabilities of the Kingdom Entities under the Original Agreements, pursuant to a guaranty made for the benefit of Javelin by originally dated August 15, 2017, as amended and restated on September 13, 2017, November 9, 2017 and March 7, 2018) (the "Guaranty").

d.   following the execution of the Forbearance Agreement, on May 10, 2022, the parties jointly agreed to voluntarily dismiss Blubaugh I without prejudice. See Javelin Global Commodities (UK) Ltd. v. Michael A. Blubaugh, No. 21-cv-8141 (S.D.N.Y), Joint Stipulation of Dismissal, ECF No. 27 (May 10, 2022).

e.   As part of the terms of the Forbearance Agreement, the Parties entered into agreements whereby the Kingdom Entities agreed to deliver and Javelin agreed to take certain base quantities of coal (the "New Agreements"), and Javelin was granted certain options that it could exercise in its discretion in relation to the New Agreements.

f.   As part of the terms of the Forbearance Agreement, the Parties further agreed to amend the Guaranty to the extent of Blubaugh securing the performance of the obligations of the applicable Kingdom Entity under the New Agreements and the Kingdom Entities under the Forbearance Agreement under the original terms of the Guaranty.

g.   On January 31, 2023, in response to Defendants' failure to perform under the terms of the Forbearance Agreement, Javelin sent Defendants a "Performance Demand and Notice of Default".

h.   On November 13, 2023, Javelin commenced the matter of Javelin Global Commodities (UK) Ltd., v. Michael Blubaugh, et al., No. 1:23-cv-9994 (S.D.N.Y.) against Defendants for failure to comply with the terms of the Forbearance Agreement ("Blubaugh II").

i.   The claims in Blubaugh II encompass not only the liability associated with the claims in Blubaugh I, but also include the damages accrued by Defendants' failure to perform under the agreements referred to in Blubaugh II.

j.   While Defendants dispute the amount sought in Blubaugh II, Javelin has alleged that its damages are nearly $27 million, plus all interest costs, expenses, and fees.

Ex. A, ¶ 9.

28.     The signers of the Confession of Judgment have the express and implied authority to bind the Defendants in this matter. Ex. A, ¶ 2.

29.     The Confession of Judgment was a material part of the parties' voluntary settlement of *Blubaugh II*. Ex. A, ¶ 5.

30.     The Confession of Judgment makes Defendants jointly and severally liable for satisfying the Confession of Judgment. Ex. A, ¶ 4.

31.     Under the terms of the Settlement Agreement, Defendants were required to pay Javelin $1.5 million on or before September 30, 2024. Ex. A, ¶ 12; Ex. B, ¶ 3.

32.     In the Confession of Judgment, Defendants also agreed that:

> Should Javelin file this Declaration of Confession of Judgment, I and the Kingdom Entities agree not to raise any defenses or objections to the entry of a judgment in Javelin's favor and against me and the Kingdom Entities jointly and severally in the amount of $2,500,000.00 (less any amounts paid under the Settlement Agreement), plus interest at the maximum judgment rate permitted under New York law from the date of entry of this Confession of Judgment and taxable costs (the "Judgment Amount).

Ex. A, ¶ 13.

33.     In accordance with the Settlement Agreement, Javelin provided Defendants its wiring instructions by email on August 17 and September 27, 2024. Ex. C.

34.     Defendants made no payments to Javelin on or before September 30, 2024.

35.     Defendants agreed that Javelin, should it be necessary to file the Confession of Judgment, could file it in the Southern District of New York. Ex. A, ¶ 12.

36.     The Settlement Agreement contained a "Cure Period" of ten business days in the event of a default. Ex. B, ¶ 7.

***Failure to Cure***

37.     On October 1, 2024, Javelin sent Defendants a Notice of Default & Notice to Cure Default. Ex. D.

38.     This Notice of Default & Notice to Cure Default complies with the terms of the Settlement Agreement. Ex. B, ¶ 23.

39.     Counsel for Defendants acknowledged receipt of the Notice of Default & Notice to Cure Default. Ex. E.

40.     To date, Defendants have failed to cure their breaches despite being served with adequate notice.

**Count I: Breach of Contract: Settlement Agreement**
(*against all Defendants*)

41.     Javelin realleges the allegations contained in Paragraphs 1-40 as if fully set forth herein.

42.     The Settlement Agreement is a valid and enforceable contract.

43.     Defendants failed to perform under the Settlement Agreement by not making the required payment of $1.5 million on or before September 30, 2024.

44.     In the event of a default under the Settlement Agreement, Javelin is entitled to file the Confession of Judgment in this court.

45.     Defendants failed to cure their default despite being served with adequate notice.

46.     Under the terms of the Settlement Agreement and Confession of Judgment, Javelin is owed $2.5 million as a result of Defendants' breach.

47.     As a direct and proximate result of Defendants' breach of the Original Agreements and the Forbearance, Javelin has suffered damages in the amount of $2.5 million.

48.     This amount is continuing to accrue interest.

**WHEREFORE**, under Count I, Plaintiff respectfully requests that the Court enter a judgment against Defendants for their breach of the Settlement Agreement as follows:

A.    enter the Confession of Judgment in the amount of $2.5 million against Defendants;

B.    award Javelin all reasonable costs, including legal fees, permissible under the terms of the Settlement Agreement and the Confession of Judgment;

C.    enter a finding that Defendants are jointly and severally liable; and

D.    award Javelin such other and further relief as the Court deems just and proper.

Dated: November 4, 2024          Respectfully submitted,

/s/*Michael L Murphy*

Michael L. Murphy
BAILEY & GLASSER LLP
1055 Thomas Jefferson St, Suite 540
Washington, DC 20007
202.463.2101
mmurphy@baileyglasser.com

## VERIFICATION

I, Spencer Sloan _____, being first duly sworn, on oath, depose and say that I have read the foregoing pleadings by me subscribed and that the facts therein stated are true to the best of my knowledge, information and belief.

_Spencer Sloan_

Subscribed and sworn to before me
this __4__ day of _November_ , 2024.

_____
Clerk (or Notary Public)

11