UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    :
JAVELIN GLOBAL COMMODITIES (UK)   :
LTD,     :
                                    Plaintiff,   :      24-CV-8385 (JAV)
    :
        -against-   :      ORDER
    :
MICHAEL A. BLUBAUGH, KINGDOM COAL :
LLC, KC II HOLDINGS LLC, and DOUBLE   :
MOUNTAIN MINING LLC,   :
                                    Defendants. :
------------------------------------------------------------ X

JEANNETTE A. VARGAS, District Judge:

        On February 12, 2025, Plaintiff filed an unopposed motion to enter Defendants' confession of judgment (the "Motion") in the amount of $2.5 million, plus interest at the maximum judgment rate permitted under New York law from the date of entry of the Judgment. ECF No. 22. In support of the Motion, Plaintiff filed an August 8, 2024, declaration of judgment by confession signed by Michael A. Blubaugh on behalf of himself and Defendants Kingdom Coal LLC and Double Mountain Mining, LLC, and signed by Scott Haire on behalf of Defendant KC II Holdings, LLC. ECF No. 24, Ex. A.

        In that affidavit, Defendants "consent to the United States District Court for the Southern District of New York retaining subject matter and personal jurisdiction of [this] action for purposes of enforcing the terms of the parties' settlement agreement, including . . . any application by Javelin for judgment to be entered in its favor in accordance with the terms of this Declaration of Confession of Judgment. *Id.* ¶ 6. Furthermore, Defendants acknowledge that "Javelin is authorized to file this Declaration of Confession of Judgment in the United States District Court for the Southern District of New York" for the entry of judgment against Defendants in the amount of $2,500,000.00. *Id.* ¶¶ 12-13. Defendants also "agree that the Judgment Amount . . . is a fair and reasonable amount of damages for Javelin to have judgment

against [Defendants] jointly and severally." *Id.* ¶ 14.

Defendants concede that "[p]ursuant to the terms of the Agreement and the Confession the judgment requested by Plaintiff to be entered on the Confession of Judgment should be in the amount of [$2,500,000]." ECF No. 26, ¶ 5.  Additionally, Defendants assert that the rate of post-judgment interest should be 9% per N.Y. CPLR § 5004(a), and that the interest shall begin to run from the date of the entry of the judgment.  *Id.* ¶ 6.  Plaintiff agrees that the maximum judgment rate permitted under New York law is 9% under CPLR §§ 5003-04, which amounts to $616.44 per day.  ECF No. 23 at 13; *see also* ECF No. 24, Ex. A, ¶ 13.

"The Federal Rules of Civil Procedure do not specifically contemplate entry of judgment by confession."  *Ream v. Berry-Hill Galleries, Inc.*, No. 16-cv-7462 (SLC), 2020 WL 5836437, at *3 (S.D.N.Y. Oct. 1, 2020).  Nevertheless, "[a] federal court . . . has the power to enter a confession of judgment where subject matter jurisdiction exists and the confession of judgment was made knowingly and voluntarily."  *Sapon v. Hanbat Rest., Inc.*, No. 18-cv-11457 (SLC), 2021 WL 621170, at *1 (S.D.N.Y. Feb. 16, 2021) (citation and quotation marks omitted).  "Where the confession of judgment satisfies these factors, the federal court may enter judgment as permitted by the law of the state in which the court is located."  *Id.* (citing Fed. R. Civ. P. 64); *see also D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185-87 (1972) (holding that a confession of judgment provision may be valid where the confession was "voluntary, knowing, and intelligently made"); *Alland v. Consumers Credit Corp.*, 476 F.2d 951, 954-955 (2d Cir. 1973) ("[A]lthough the district court correctly ruled that the entry of a confessed judgment is a matter of procedure where the federal rules govern for purposes of *Erie*, questions regarding the interpretation to be given language in the confession of judgment are governed, as are other written agreements, by substantive state law." (citation and quotation marks omitted)).

New York law provides, subject to one exception not relevant to this case, that "a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in [sic] behalf of the defendant, or both, upon an affidavit executed by the defendant." N.Y. C.P.L.R. § 3218(a). "[W]hile the New York courts permit the entry of judgment on a proper affidavit of confession by the clerk of the county in which entry of judgment is authorized, without an action, . . . the federal courts generally require the party seeking entry of a confessed judgment to make a motion." *Sapon*, 2021 WL 621170, at *2 (citation and quotation marks omitted).

Additionally, although the federal rate of post-judgment interest normally applies in a diversity case, the parties "may contractually agree to a different rate" so long as "their intent to do so [is] clear and unequivocal." *FCS Advisors, Inc. v. Fair Finance Co.*, 605 F.3d 144, 145 (2d Cir. 2010). In this case, the confession of judgment is explicit, and both parties agree, that New York law governs the post-judgment interest rate.

It is hereby ordered that Plaintiff's Motion is GRANTED. Plaintiff is a private limited company established under the laws of England and Wales with a principal place of business in the United Kingdom. ECF No. 24, ¶ 10. Defendant Blubaugh is a citizen of Texas, and Defendants Kingdom Coal LLC, KC II Holdings LLC, and Double Mountain Mining LLC are each Wyoming limited liability companies with their principal places of business in Texas. *Id.* ¶¶ 11-12. Their members are collectively citizens of Florida, Kentucky, and/or Texas. *Id.* ¶ 13. Subject matter jurisdiction therefore exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In addition, Defendants' confession of judgment was made knowingly and voluntarily and contains the information required by N.Y. C.P.L.R. § 3218(a), including stating the sum for which judgment may be entered.

The Clerk of Court is respectfully directed to terminate ECF Nos. 22 and 26 and to enter Judgment in favor of Plaintiffs in the amount of $2,500,000.00, plus interest accruing at the rate of 9% per day starting from the date Judgment is entered.

SO ORDERED.

Dated: March 12, 2025
      New York, New York

                                                        _____
                                                        JEANNETTE A. VARGAS
                                                        United States District Judge