UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
JAVELIN GLOBAL COMMODITIES (UK) :
LTD, :
                                                   Plaintiff, :         24-CV-8385 (JAV)
:
                 -against- :         ORDER
:
MICHAEL A. BLUBAUGH, KINGDOM COAL :
LLC, KC II HOLDINGS LLC, and DOUBLE :
MOUNTAIN MINING LLC, :
                                         Defendants. :
------------------------------------------------------------ X

JEANNETTE A. VARGAS, District Judge:

      Plaintiff is pursuing discovery in aid of execution of judgment pursuant to Rule 69 of the Federal Rules of Civil Procedure. On September 10, 2025, Plaintiff filed a letter motion requesting that it be permitted to serve a subpoena *duces tecum* on the Garner Trust via e-mail. ECF No. 39. Plaintiff avers that the Garner Trust holds the assets of Defendant Michael Blubaugh. *Id*; *see also id.*, Ex. B (the "Subpoena"). On July 29, 2025, Plaintiff's counsel sent the subpoena for Garner Trust to Mr. Blubaugh's counsel and requested that his counsel confirm whether he would accept service. *Id.*, Ex. A. On August 8, Mr. Blubaugh's counsel responded that Mr. Blubaugh would be unable to accept service of the subpoena as he was not a trustee. *Id.*

      Exhibit 2 to the Subpoena shows that Phil Pearce and Scott Haire are co-trustees of the Garner Trust. Subpoena, Ex. 2 at 1. Exhibit 2 also shows that the trust owns the property located at 1714 Maranatha Way, Southlake, TX 76092, for which Mr. Blubaugh paid taxes on January 29, 2025. Subpoena, ¶ 16; *see also* Subpoena, Ex. B at 27.

      On August 11, 2025, Plaintiff's counsel emailed Scott Haire. ECF No. 39. Mr. Haire responded, "We are considering our attorneys for the trust engaging council [sic] to represent the trust, I will let you know where we are at later in the week on representations." *Id.* Plaintiff represents that it does not have a mailing address for Scott Haire.

      Between August 19 and 21, 2025, a process server attempted on three occasions to serve Phillip Wayne Pearce at an address in Benbrook Texas. ECF No. 39, Ex. A. All three attempts were unsuccessful. *Id.* Twice the process server could not access the gated community in which the residence was located. On a third occasion, the process server was able to reach the house, but no one came to the door. *Id.*

      Under Rule 45, "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Delivery to the named person—not anyone else—is meant to "ensure receipt, so that notice will be provided to the recipient, and enforcement of the subpoena will be consistent with the requirements of due process." *Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, Nos. 06 Civ. 7764 (CS) (THK), 06 Civ. 13516 (VM) (THK), 2008 WL 3833238, at *2 (S.D.N.Y. 2008) (quotations and citations omitted). The Court agrees that service upon one of

the trustees is required.  *Cf. Caruso Glynn, LLC v. Sai Trust*, No. 11-CV-4360 (VB), 2012 WL 4053802, at *3 (S.D.N.Y. July 9, 2012) ("Since service upon a natural person under CPLR 308 refers to the service of process on an individual, if an individual holds the position of trustee, the trustee may be served pursuant to CPLR § 308." (quotations and citations omitted)).

Courts in this Circuit have interpreted Rule 45's personal service requirement liberally as long as the service method provided "timely actual notice."  *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (quoting *Tube City IMS, LLC v. Anza Cap. Partners*, No. 14 Civ. 1783(PAE), 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014)); *see also Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 304 (S.D.N.Y. 2009) (collecting cases).  Thus, "under appropriate circumstances," Rule 45 allows for the service of subpoenas by alternative means, including by emailing known email addresses of the individual or via certified mail.  *Pence*, 322 F.R.D. at 454-55 (allowing alternative service of process for a subpoena by sending to three known email addresses of the witness).

"Courts typically require the serving party [seeking] leave to serve by alternative means . . . to demonstrate a prior diligent attempt to personally serve."  *Kenyon v. Simon & Schuster, Inc.*, No. 16 MISC. 327 (P1), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016).  Courts have held that as few as two attempts at personal service can demonstrate such diligence.  *See Ultradent Prods., Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, at *3 (S.D.N.Y. Sept. 24, 2002).  The Court finds that Plaintiff has demonstrated sufficient due diligence in its attempts to serve the Subpoena on either Haire or Pearce.  The Court also finds that an email directed to the email address used to correspond with Scott Haire on August 11, 2025, will ensure sufficient notice.

Accordingly, Plaintiff's request for alternative service is GRANTED.  The Court directs that the following methods of service will be deemed proper service of a subpoena on the Garner Trust:

(1) Sending a copy of the Subpoena by certified mail to Mr. Phillip Pearce at the address of 5921 River Bend Drive, Benbrook, Texas  76132; and
(2) Emailing the subpoena to Mr. Scott Haire's address at shaire4104@gmail.com.

The Clerk of Court is directed to terminate ECF No. 39.

SO ORDERED.

Dated: September 29, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge